UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRIAN BERGERON and PAUL TRAHON, )
On their Own Behalf, and on Behalf of All )
Those Similarly Situated,[1] )
        **Plaintiffs** )
)
v. )   Civil Action No.
)
TOWN OF BROOKLINE and )
BROOKLINE FIRE DEPARTMENT, )
        **Defendants** )

## COMPLAINT - CLASS ACTION

1. This is an action for declaratory relief and monetary damages brought by current and former employees of the Brookline Fire Department against the Town of Brookline and the Brookline Fire Department, for violations of the Fair Labor Standards Act of 1938, as amended, 20 U.S.C. § 201 et seq. (FLSA) and the Massachusetts wage laws, Mass. Gen. Laws c. 149, §§ 148, 150.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

3. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

---

[1] Pursuant to 29 U S.C. § 216(b), opt-in consent forms for the named Plaintiffs are attached to this Complaint as Exhibit A  As additional plaintiffs provide consent forms, they will be added to the Complaint by amendment.

5. This Court has supplemental jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claims that they form part of the same case or controversy.

## PARTIES

6. Plaintiff Brian Bergeron is a fire lieutenant employed by the Brookline Fire Department and is a resident of Dedham, Massachusetts.

7. Plaintiff Paul Trahon is a fire lieutenant employed by the Brookline Fire Department and is a resident of Dedham, Massachusetts.

8. The named plaintiffs are current members of the Brookline Fire Union, Local 950, International Association of Firefighters ("Local 950")

9. Local 950 is the exclusive representative of firefighters, fire lieutenants, fire captains, and deputy chiefs employed by the Brookline Fire Department for bargaining over wages, hours and other working conditions.

10. Each of the named Plaintiffs who has opted in to the case by filing a consent form with the Court pursuant to 29 U.S.C. § 216(b) is a current member of Local 950 and a current employee of the Town of Brookline and its fire department.

11. Defendant Town of Brookline is a municipality of, and a political subdivision of the Commonwealth of Massachusetts. The Town is an employer within the meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. section 203(r), and a "public agency" within the meaning of 29 U.S.C. section 203(x), and employed the Plaintiffs.

12. Defendant Brookline Fire Department is a department of the Town of Brookline.

13. Plaintiffs are current and former employees of the Town's fire department.

14. The named Plaintiffs bring this action on behalf of themselves and other similarly situated individuals ("the represented Plaintiffs"), who are non-exempt Town employees due compensation under the FLSA on a variety of schedules including a partial overtime exemption under 29 U.S.C. § 207(k) for fire protection personnel. The amount of payments due may vary by employee.

15. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action, which is appended hereto as Exhibit A.

16. When other individuals similarly situated join this action, their consent will be filed with the Court.

17. These written consent forms set forth each Plaintiff's name and intent to be party to this lawsuit.

## FACTS RELATING TO CLASS CERTIFICATION

18. Plaintiffs bring this action under Rule 23 of the Federal Rules of Civil Procedure, for themselves and on behalf of the above defined class and pursuant to Fed. R. Civ. P. 23 for Defendants' failure to calculate overtime pay properly and for illegal deductions from the pay of the class.

19. Class certification for these claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

20. The class is so numerous that joinder of all members is impracticable. There are currently approximately 150 putative class members employed by the Defendants and an undetermined number of former employees who may qualify as class members.

3

21. There are questions of law and fact common to the class. All class members were, or continue to be, employees of Defendants who were subject to unlawful deductions from wages in violation of the FLSA and Massachusetts law and who were denied timely payment of all wages owed.

22. The named Plaintiffs' claims are typical of those of the class members. Plaintiffs' claims encompass the challenged practices and course of conduct of the Defendants.

23. Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiffs and to the class.

24. The named Plaintiffs will fairly and adequately protect the interests of the class. The Plaintiffs' claims are not antagonistic to those of the putative class, and they have hired counsel skilled in the prosecution of class actions.

25. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members.

26. This proposed class action under Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

## FACTS

27. The Town and Local 950 are parties to a collective bargaining agreement (Agreement), which sets out certain wages, hours and other working conditions for firefighters, fire lieutenants, fire captains and deputy chiefs employed by the Defendants (the individuals represented by Local 950 will be referred to in this Complaint as "bargaining unit members").

28. Plaintiffs and other bargaining unit members regularly work overtime.

29. Under the Agreement, bargaining unit members receive one and one half times their contractual base rate of pay for hours worked outside their regularly scheduled shifts.

30. At all periods relevant to this Complaint, the Defendants have possessed a partial public safety exemption from the Fair Labor Standards Act's overtime requirements pursuant to 29 U.S.C. § 207(k) that requires them to pay plaintiffs one and one half times their regular rate of pay for any hours worked over 212 in a 28-day period.

31. Since at least as far back as 2000, Local 950 has, on several occasions, alerted the Defendants of their obligations under the FLSA, and asked to see proof that the Defendants were paying bargaining unit members properly under the FLSA.

32. On or about 2000, Defendant Town reached a settlement agreement with employees of the Town's police department, which resolved most issues raised in a lawsuit filed by those employees alleging violations of the FLSA, including violations of the overtime provisions of the FLSA.

33. On one occasion, on or about 2000, the Defendant and Local 950 reached a settlement agreement under the terms of which, bargaining unit members were paid for past FLSA

violations and the Defendants agreed to abide by the FLSA's requirements going forward.

34. At all times relevant hereto, Defendants were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and similarly situated individuals.

35. On various occasions over the years 2000-2023, Local 950 notified the Defendants of concerns that they were not in compliance with the FLSA, yet the Defendants continued to violate the FLSA.

36. The Defendants violated and continue to violate the FLSA willfully and not in good faith.

37. The Defendants do not keep the records required by the FLSA.

38. Defendant implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay has resulted and continues to result in under-payment for overtime hours worked. Defendant permitted Plaintiffs to perform overtime work without proper compensation.

39. At all times material herein, the Defendant's practices did not include all of the required additional compensation in the calculation of the "regular rate" of pay for Plaintiffs and similarly situated individuals for the purposes of determining overtime compensation as required by the FLSA. The Defendants have thus failed to appropriately calculate the applicable "regular rate" and to pay Plaintiffs and similarly situated individuals the required premium overtime rates for all hours of overtime they worked.

40. Plaintiffs and similarly situated individuals routinely work hours above the 207(k) FLSA threshold –and in excess of their regularly scheduled hours, resulting in additional overtime pay obligations for the Town.

41. Pursuant to the collective bargaining agreement, plaintiffs receive an Active Shooter/Hostile Event Response (ASHER) stipend.

42. Defendants do not include the ASHER stipend in bargaining unit members' contractual base rate of pay for purposes of determining the overtime pay rate.

43. In determining the hours worked by an employee, the Defendants have regularly undercounted those hours in determining whether and employee has reached the threshold for overtime pay under Section 207(k).

44. Plaintiffs normally work 24-hour shifts.

45. Although Plaintiffs are paid for only 21 hours per shift, they actually work 24 hours per shift.

46. The Defendants only count 21 hours per shift as "hours worked" for purposes of determining whether an employee has reached the Section 207(k) threshold.

47. Plaintiffs are regularly permitted to engage in "swaps," in which one employee agrees to work a shift assigned to another employee in return for that second employee agreeing to work the first employee's shift.

48. Pursuant to 29 U.S.C. § 207(p)(3) and 29 CFR § 553.31, public employees are permitted to engage in such substitutions as long as the employer credits each employee for the hours they were originally scheduled to work, not the hours they actually worked.

49. The Defendants have failed to consistently credit employees who have swapped shifts with the hours they were originally scheduled to work in determining "hours worked" for purposes of the FLSA's overtime threshold.

50. The Defendants have also undercounted employee hours worked by improperly limiting the types of overtime it included in total hours worked for purposes of determining whether an employee has reached the Section 207(k) threshold.

51. By way of example, the Defendants created a classification of "COVID overtime" during the COVID pandemic, but failed to include COVID overtime hours as hours worked in determining whether the employees reached the Section 207(k) threshold.

52. On one or more occasions, the Defendants have failed to certify the employees' hours worked on a particular day, resulting in undercounting of hours worked.

53. By way of example, on December 26, 2020, the Defendants failed to certify the employees' hours worked. This error resulted in a failure to count any hours worked by employees on that day for purposes of determining hours worked in reaching the Section 207(k) threshold.

54. The Defendants currently treat the deputy chiefs in the fire suppression unit as exempt from the overtime provisions of the FLSA. In fact, these individuals are non-exempt employees within the meaning of the FLSA and should be receiving overtime pursuant to Section 207(k).

55. As a result of the foregoing violations of FLSA, Plaintiffs seek damages for unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY PROPER OVERTIME

56. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

57. By failing to include the ASHER stipend in the regular rate, the Defendants have violated the FLSA by failing to pay officers the proper amount of overtime pay.

58. This violation is willful and not in good faith.

59. As a result of this violation, Plaintiffs have received less pay than they are entitled to under the FLSA.

### COUNT II: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO COUNT ALL HOURS WORKED

60. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

61. By including 21 instead of 24 hours per shift as hours worked, Defendants have undercounted hours worked and thereby deprived Plaintiffs of overtime pay due under the FLSA.

62. This violation is willful and not in good faith.

63. As a result of this violation, Plaintiffs have received less overtime pay than they are entitled to under the FLSA.

### COUNT III: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO COUNT ALL HOURS WORKED

64. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

65. By failing to properly count hours worked by Plaintiffs who swap shifts, Defendants have in some cases undercounted hours worked and thereby deprived Plaintiffs of overtime pay due under the FLSA.

66. This violation is willful and not in good faith.

67. As a result of this violation, Plaintiffs have received less overtime pay than they are entitled to under the FLSA.

### COUNT IV: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO COUNT ALL HOURS WORKED

68. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

69. By including failing to include all types of overtime worked (e.g. COVID overtime) in hours worked, Defendants have undercounted hours worked and thereby deprived Plaintiffs of overtime pay due under the FLSA.

70. This violation is willful and not in good faith.

71. As a result of this violation, Plaintiffs have received less overtime pay than they are entitled to under the FLSA.

72. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

73. By failing on one or more occasions (including Dec. 26, 2020) to certify the day's hours, Defendants have undercounted hours worked and thereby deprived Plaintiffs of overtime pay due under the FLSA.

74. This violation is willful and not in good faith.

75. As a result of this violation, Plaintiffs have received less overtime pay than they are entitled to under the FLSA.

## COUNT V: VIOLATION OF 29 U.S.C. § 213
## MISCLASSIFICATION OF EMPLOYEES AS EXEMPT

76. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-55.

77. By classifying deputy chiefs in the fire suppression unit as exempt employees, Defendants have violated the FLSA (including 29 U.S.C. § 213(a)(1)).

78. This violation is willful and not in good faith.

79. As a result of this violation, Plaintiffs who are deputy chiefs in the fire suppression unit have received less overtime pay than they are entitled to under the FLSA.

## COUNT VI: VIOLATION OF 29 U.S.C. § 211
## FAILURE TO MAINTAIN RECORDS

80. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

81. The employment and work records for the Plaintiffs and those individuals who are similarly situated are in the exclusive possession, custody and control of the Town, and the Plaintiffs are unable to state at this time the exact amounts owing to them. The Town is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records.

82. The City has violated the FLSA by failing to keep records required by the statute and its regulations.

### COUNT VII: CLASS ACTION CLAIM FOR FAILURE TO PAY TIMELY OVERTIME WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

83. Based upon the foregoing, the Defendants violated the Massachusetts Wage Act by failing to make timely payment for all overtime wages owed pursuant to the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and those individuals who are similarly situated request from the Court the following relief:

A. A declaratory judgment declaring that the Town has willfully and without good faith violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal and state law, as alleged herein;

B. An order for a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

C. Judgment against the Town awarding Plaintiffs monetary damages in the form of three years' back pay compensation, liquidated damages equal to their unpaid compensation, plus pre-judgment and post-judgment interest;

D. An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E. An award granting such other further relief as the Court deems proper.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

        Respectfully submitted,

        BRIAN BERGERON and
        PAUL TRAHON, Plaintiffs,
        on their own behalf and on behalf of all those
        similarly situated,

        By their attorney,

        /s/ John Becker
        John M. Becker, BBO # 566769
        SANDULLI GRACE, P.C.
        44 School Street, 11th Floor
        Boston, MA 02108
        Office: 617-523-2500
        Cell: 617-877-2864
        jbecker@sandulligrace.com

Dated: December 1, 2023

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

BRIAN BERGERON, et al., )
         Plaintiffs )
v. )
         ) C.A. No.
TOWN OF BROOKLINE, et al., )
         Defendants )

## CONSENT TO JOIN ACTION AS PARTY PLAINTIFF

I am (or was) a firefighter, fire lieutenant, fire captain, or deputy chief (circle one) in the Brookline Fire Department during the period from December 2020 to the present. I believe that my rights to proper compensation under the Fair Labor Standards Act (FLSA) may have been violated by my employer. Therefore, I consent to becoming a party plaintiff, pursuant to the FLSA, in the above captioned lawsuit.

I authorize the law firm of Sandulli, Grace, P.C., 44 School Street, 11th Floor, Boston, MA 02108, to represent me as counsel with respect to all claims under the FLSA, and other related laws that I may have against my employer. The authorization includes both an investigation of the validity of claims and any resulting litigation concerning such claims. The attorneys are authorized to file this consent on my behalf in an appropriate court and to take all steps pertinent thereto on my behalf, including the filing of complaints, amended complaints, and other pleadings, and the settlement and collection of any and all such claims.

I hereby request that the court assess any costs and expenses of this action and reasonable attorney's fees against my employer, and award said costs, expenses and fees to my above-named counsel.

I understand that under the FLSA I cannot be discharged or in any way disciplined or penalized by my employer or its agents because of my participation in an FLSA lawsuit or because of my assertion of rights under the FLSA.

Signature: _[signed]_

Name (printed): Brian Bergeron

Home Address: 23 Roosevelt Road

City, State, Zip: Dedham, MA, 02026

Home Tel. No: 617-365-0915

Current Assignment: Lieutenant

Dates of Employment: May 12, 2010 - Present

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN BERGERON, et al., <br> Plaintiffs <br> v. <br> TOWN OF BROOKLINE, et al., <br> Defendants | ) <br> ) <br> ) <br> ) C.A. No. <br> ) <br> ) <br> ) |

## CONSENT TO JOIN ACTION AS PARTY PLAINTIFF

I am (or was) a firefighter, fire lieutenant, fire captain, or deputy chief (circle one) in the Brookline Fire Department during the period from December 2020 to the present. I believe that my rights to proper compensation under the Fair Labor Standards Act (FLSA) may have been violated by my employer. Therefore, I consent to becoming a party plaintiff, pursuant to the FLSA, in the above captioned lawsuit.

I authorize the law firm of Sandulli, Grace, P.C., 44 School Street, 11th Floor, Boston, MA 02108, to represent me as counsel with respect to all claims under the FLSA, and other related laws that I may have against my employer. The authorization includes both an investigation of the validity of claims and any resulting litigation concerning such claims. The attorneys are authorized to file this consent on my behalf in an appropriate court and to take all steps pertinent thereto on my behalf, including the filing of complaints, amended complaints, and other pleadings, and the settlement and collection of any and all such claims.

I hereby request that the court assess any costs and expenses of this action and reasonable attorney's fees against my employer, and award said costs, expenses and fees to my above-named counsel.

I understand that under the FLSA I cannot be discharged or in any way disciplined or penalized by my employer or its agents because of my participation in an FLSA lawsuit or because of my assertion of rights under the FLSA.

Signature: _Paul Trahon_

Name (printed): Paul B Trahon

Home Address: 97 Country Club Rd

City, State, Zip: Dedham MA 02026

Home Tel. No: 781 358 0674

Current Assignment: Fire Lieutenant Ladder 2

Dates of Employment: 12/10/1984 to date