UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN BERGERON and PAUL TRAHON, On their Own Behalf, and on Behalf of All Those Similarly Situated,[1] <br> Plaintiffs <br><br> v. <br><br> TOWN OF BROOKLINE and BROOKLINE FIRE DEPARTMENT, <br> Defendants | Civil Action No. 1:23-cv-12934 |

**JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**

The 118[2] plaintiffs in this action, who are employees of the Fire Department of the Town of Brookline, Massachusetts, and the Defendants, Town of Brookline and Brookline Fire Department, after factual and legal investigation, negotiations, and compromise, have reached a Settlement Agreement of their dispute regarding the Fair Labor Standards Act. The parties believe that the settlement is a fair and reasonable resolution of their dispute, and they now ask this Court to approve the Settlement Agreement they have reached resolving the above-captioned lawsuit and dismiss this action with prejudice.

**I.    STATEMENT OF FACTS[3]**

The Plaintiffs are full-time or retired firefighters, fire lieutenants, fire captains and deputy fire chiefs employed by the Town of Brookline. (Affidavit of John M. Becker, ¶ 7, hereinafter

---

[1] A list of all 118 Plaintiffs is attached to the Second Affidavit of John M. Becker.

[2] After a careful analysis of the record, the parties have agreed that the original count of 119 Plaintiffs was incorrect.

[3] The facts are taken from the pleadings, the settlement agreement and associated documents, and the Affidavit of John M. Becker, plaintiffs' counsel.

"Becker Aff. ¶ 7.") The Plaintiffs are part of a bargaining unit that is represented by Local 950, International Association of Firefighters ("Union"). (Becker Aff. ¶ 8.)

The Union and the Town are parties to a collective bargaining agreement ("CBA") that provides, *inter alia*, that firefighters, fire lieutenants, fire captains, and deputy fire chiefs are entitled to contractual overtime for all hours worked outside their regular shifts, excluding shift swaps. (Becker Aff. ¶ 10.)

The Town has adopted a partial public safety overtime exemption under Section 7(k) of the FLSA according to which non-exempt fire department employees are entitled to FLSA overtime after 212 hours in a 28-day period. (Becker Aff. ¶ 11.)

The Plaintiffs regularly work both contractual and FSLA overtime. (Becker Aff. ¶ 12.)

During the first months of the COVID-19 pandemic in 2020, many of the Plaintiffs worked unusually large amounts of overtime. (Becker Aff. ¶ 13.)

Despite past efforts on the part of the Town to comply with the FLSA, the Plaintiffs discovered during the period of 2020-2023 through investigation that the Town was failing to comply fully with the law. (Becker Aff. ¶ 14.) Specifically, the Plaintiffs learned that the Town:

(1) Failed to include the ASHER stipend in the regular rate for purposes of calculating FLSA overtime;

(2) Consistently undercounted hours worked per shift as 21 instead of 24 hours;

(3) Failed to properly count hours of employees who swap shifts;

(4) Failed to include all types of overtime in hours worked;

(5) Failed to count hours worked "out of class" in hours worked; and

(6) Failed to count the day's hours toward FLSA totals on at least one occasion.

(Becker Aff. ¶ 15.)

2

The plaintiffs, acting through their Union, brought these issues to the attention of the Town in April 2023, and the parties immediately began discussions in an attempt to resolve the dispute. (Becker Aff. ¶ 16.) When the parties were unable to resolve the dispute, a complaint was filed on December 1, 2023 on behalf of named plaintiffs Brian Bergeron and Paul Trahon, on their own behalf and on behalf of all those similarly situated. (Becker Aff. ¶ 17.) The initial complaint contained seven counts:

<u>Violations of 29 U.S.C. § 207</u>:

(1) Failure to include ASHER stipend in the regular rate

(2) Undercounting hours worked per shift as 21 instead of 24 hours

(3) Failing to properly count hours of employees who swap shifts

(4a) Failing to include all types of overtime in hours worked

(4b) Failing to certify the day's hours on one or more occasions

<u>Violation of 29 U.S.C. § 213</u>:

(5) Misclassification of deputy fire chiefs as exempt employees

<u>Violation of 29 U.S.C. § 211</u>:

(6) Failure to keep records as required by the FLSA

<u>Violation of Mass. Gen. Laws ch. 149, §§ 148, 150</u>:

(7) Failure to make timely payment of wages owed under the FLSA

Plaintiffs alleged that all the violations were willful and not in good faith. (Becker Aff. ¶ 19.) Plaintiffs sought all unpaid overtime pay owed to them, an equivalent amount of liquidated damages, for a three-year period preceding the filing of the complaint (12/1/20-12/1/23), and attorney's fees. (Becker Aff. ¶ 20.)

Plaintiffs filed their first amended complaint filed on December 8, 2023. (Becker Aff. ¶ 21.) The first amended complaint added 106 named plaintiffs to the lawsuit. (Becker Aff. ¶ 22.) Plaintiffs filed a second amended complaint on February 28, 2024. (Becker Aff. ¶ 23.) The second amended complaint added 16 named Plaintiffs to the lawsuit. (Becker Aff. ¶ 24.) Plaintiffs filed their third amended complaint on April 29, 2024. (Becker Aff. ¶ 25.) The third amended complaint added one new count and divided Count IV into two separate counts, as follows:

<u>Violations of 29 U.S.C. § 207</u>:

(1) Failure to include ASHER stipend in the regular rate

(2) Undercounting hours worked per shift as 21 instead of 24 hours

(3) Failing to properly count hours of employees who swap shifts

(4) Failing to include all types of overtime in hours worked

(5) Failing to include "out of class" hours in hours worked

(6) Failing to certify the day's hours on one or more occasions

<u>Violation of 29 U.S.C. § 213</u>:

(7) Misclassification of deputy fire chiefs as exempt employees

<u>Violation of 29 U.S.C. § 211</u>:

(8) Failure to keep records as required by the FLSA

<u>Violation of Mass. Gen. Laws ch. 149, § 148, 150</u>:

(9) Failure to make timely payment of wages owed under the FLSA

(Becker Aff. ¶ 26.)

The Town of Brookline filed an answer to the third amended complaint on May 13, 2024, denying liability on all counts and raising several affirmative defenses. (Becker Aff. ¶ 27.)

The parties engaged in fruitful settlement discussions from the very start of the litigation. (Becker Aff. ¶ 28.) By April 2024, the parties had reached an agreement in principle with the following elements:

(1) The Town would include the ASHER stipend in the FLSA regular rate

(2) The Town would count each shift as 24 hours instead of 21 hours as FLSA hours worked

(3) The Town would properly count the hours of employees who swap shifts

(4) The Town would include all types of overtime as FLSA hours worked

(5) The Town would include "out of class hours" as FLSA hours worked

(6) The Town would count the hours for all days worked, including those days they failed to previously certify.

(7) The Town would not count deputy fire chiefs as FLSA non-exempt employees, but they would count all fire lieutenants and fire captains as FLSA non-exempt employees.

(8) The Plaintiffs would waive liquidated/double damages.

(9) The Plaintiffs would waive attorney's fees.

(10) The Town would pay back pay for a period beginning in late March 2020 and continuing until the date the new protocols (items 1-7 above) were put in place going forward.

(11) The Town would calculate the damages and representatives of the Plaintiff class would check the calculations before a final settlement agreement was prepared.

  (12)  The settlement would require each plaintiff to sign a release of FLSA and other wage claims against the Town.

(Becker Aff. ¶ 29.)

  During the settlement discussions, the parties agreed that the back pay period would exceed three years from the filing of the lawsuit on December 1, 2023. (Becker Aff. ¶ 30.) They also determined that, due to the large amount of overtime hours worked in 2020 by plaintiffs during the COVID-19 pandemic, the total additional amounts obtained under the settlement would not be significantly less than the amount that the Plaintiffs would receive if they had obtained three years of back pay plus liquidated damages. (Becker Aff. ¶ 32.) Furthermore, Plaintiffs have determined that inclusion of the COVID-19 pandemic period in the settlement calculations increases the number of Plaintiffs who receive significant settlement amounts. (Becker Aff. ¶ 33.)

  The Town began paying overtime to the plaintiffs and other fire department employees under the new protocols (see Becker Aff. ¶ 29) on June 16, 2024, thereby establishing the damages period as March 29, 2020 through June 15, 2024. (Becker Aff. ¶ 31.)

  In November 2024, the parties reached agreement on the language of a Settlement Agreement and Mutual Release; the Release Document, a list of named Plaintiffs, and a spreadsheet containing the Distribution of Settlement Amount. (Becker Aff. ¶ 31, and attached exhibits 1-4.)

  The final settlement agreement and mutual release contains the following elements, *inter alia*:

  (1) The Town does not admit liability or make any concession about the merits.

(2) The Settlement Agreement is conditioned on: funding approval from the Town's Select Board and Advisory Committee; Plaintiffs' signing of the release of claims; and final approval by the Court;

(3) The Town will pay the Plaintiffs the amount of $101,604.22 to resolve all claims as allocated in an attachment to the Settlement Agreement.

(4) The Settlement amount reflects, for purposes of overtime under the FLSA, for all firefighters, lieutenants, and captains, regardless of assignment, the inclusion of the ASHER stipend in the calculation of the regular rate (Count 1); 24 hours instead of 21 hours per shift (Count 2); swaps scheduled instead of swaps worked (Count 3); all types of overtime, e.g. COVID overtime (Count 4); and hours worked "out of class" (Count 5).

(5) The Settlement Amount is calculated for the time period between on or around March 29, 2020, and June 15, 2024.

(6) Plaintiffs waive their claims with respect to Counts 6, 7, 8, and 9.

(7) Plaintiffs waive their claims to interest, liquidated, treble, punitive, multiple damages, attorneys' fees and costs of litigation, and all other sums sought or potentially recoverable in the lawsuit.

(Becker Aff. ¶ 35.)

The parties jointly submitted the Settlement Agreement to this Court for tentative approval in November 2024 and the Court tentatively approved the Settlement Agreement on November 27, 2024. (Becker Aff. ¶ 36.)

As of March 21, 2025, all 118 Plaintiffs have signed the release of claims form agreed to by the parties and tentatively approved by the Court. (Becker Aff. ¶ 37.) As of March 21, 2025,

the Town's Select Board and Advisory Committee have approved funding for the amounts specified in the Settlement Agreement. (Becker Aff. ¶ 38.)

### Counsel for the Parties

John Becker, lead counsel for the plaintiffs, is an experienced labor attorney who has litigated FLSA claims in the past.  Becker has been a member in good standing of the Massachusetts bar since 1994.  He has practiced labor and employment law on behalf of unions and employees at the law firm of Sandulli Grace, P.C. since 1996.  In particular, Becker was co-lead counsel in *O'Hara v. Menino*, an FLSA lawsuit on behalf of several hundred Boston police officers that resulted in a multi-million dollar damages award. *O'Hara v. Menino*, 312 F. Supp. 2d 99, 2004 U.S. Dist. LEXIS 5888, 150 Lab. Cas. (CCH) P34,878, 9 Wage & Hour Cas. 2d (BNA) 1097 (D. Mass. 2004). See also *O'Hara v. Menino*, 253 F. Supp. 2d 147, 2003 U.S. Dist. LEXIS 4992 (D. Mass., 2003).  Becker has also negotiated settlement agreements over FLSA claims in a variety of public employment settings.  In this case, Becker's attorney's fees are being paid by Local 950, I.A.F.F., the labor union to which all the plaintiffs belong. Accordingly, the plaintiffs have agreed to waive any payment of attorney's fees from the Town of Brookline in this settlement agreement.

Joe Callanan, Town Counsel for the Town of Brookline, is an experienced government attorney who has litigated a variety of claims against government entities. He has been Brookline's Town Counsel since March 2022 after having served as the Town of Weymouth's Town Solicitor from January 2016 to March 2022. Before this nearly nine-years' experience as a municipal attorney, Attorney Callanan served eleven years in the Attorney General's Trial Division, including the last two years as Supervising Assistant Attorney General. Attorney Callanan has been a member in good standing of the Massachusetts bar since 2001.

Susan Harris, Associate Town Counsel for Brookline, has been Brookline's Associate Town Counsel since December 2023. Previously, she served seven years at the Massachusetts Department of Elementary and Secondary Education, including liaising with the Attorney General's Trial Division regarding litigation, and four years at the Middlesex District Attorney's Office, including as a Supervising Assistant District Attorney. She has been a member in good standing of the Massachusetts bar since 2012.

Attorneys Callanan and Harris have negotiated more than a hundred settlement agreements in a variety of public settings, including labor, employment, and claims of discrimination and retaliation, but also in other areas of the law including tort, contract, civil rights, and real estate. These disputes have been litigated and resolved in Federal and state courts, Federal and state administrative agencies, and arbitrations. The Office of Town Counsel for the Town of Brookline also has experience in FLSA litigation. See, e.g., *Canney v. Town of Brookline*, 2000 U.S. Dist. LEXIS 16279, 142 Lab. Cas. (CCH) ¶ 34,169 (D. Mass. 2000).

## II.     ARGUMENT

### THE PARTIES' SETTLEMENT AGREEMENT OF THEIR FLSA DISPUTE IS FAIR AND REASONABLE

"The private settlement of FLSA claims requires the approval of either the Department of Labor or the district court." *Harris v. Wheatleigh Corp.*, No. 3:18-cv-30114-KAR, 2024 U.S. Dist. LEXIS 69924, at *2 (D. Mass. Apr. 16, 2024), quoting *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp 3d 258, 260 (D. Mass. 2015) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) and *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Empl. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Courts will approve an FLSA settlement if the parties agreed to it and "it represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Drexler v. Tell Next, Inc.*,

9

No. 13-cv-13009-ADB, 2019 U.S. Dist. LEXIS 141642, 2019 WL 3947206, at *1 (D. Mass. Aug. 21, 2019) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). See generally *Herb v. Homesite Group Inc.*, No. 1:22-cv-11416-JEK, 2024 U.S. Dist. LEXIS 135170 (D. Mass. July 31, 2024).

While the First Circuit has not articulated a test for making such a determination, courts generally "consider the 'totality of the circumstances,'" including "'(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Drexler v. Tell Nexx, Inc.*, at *2 (quoting *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260-261 (D. Mass. 2015)). "The court's role is to ensure that the settlement 'reflect[s] a reasonable compromise over issues . . . that are actually in dispute,' rather than a pure discount on clearly-owed wages." *Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2016 WL 3072247, at *2 (D. Me. May 31, 2016) (quoting *Lynn's Food*, 679 F.2d at 1354). In making such determinations, courts are mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). See generally *Herb v. Homesite Group Inc.*, No. 1:22-cv-11416-JEK, 2024 U.S. Dist. LEXIS 135170 (D. Mass. July 31, 2024); *Hamel v. Wheatleigh Corp.*, No. 3:18-cv-30113-KAR**,** 2024 U.S. Dist. LEXIS 69933 (D. Mass. April 16, 2024); *Drexler v. Tell Nexx, Inc.*, No. 13-cv-13009-ADB, 2019 U.S. Dist. LEXIS 141642 (D. Mass. Aug. 21, 2019); *Singleton v. AT&T Mobility Servs., LLC*, 146 F.

Supp. 3d 258, 260 (D. Mass. 2015); *Woolfson v. Caregroup, Inc.*, No. 1:09-cv-11464, 2010 U.S. Dist. LEXIS 145990 (D. Mass. Sept. 13, 2010).

Applying this framework to the parties' Settlement Agreement, the parties' proposed settlement is fair and reasonable.

First, the parties have a bona fide dispute over both liability and damages regarding statutory coverage and wages owed under the Fair Labor Standards Act, implicating the Plaintiff's range of possible recovery. The gross settlement amount of $101,604.22 distributed among the 119 plaintiffs is a substantial sum that affords meaningful relief to the plaintiffs. That sum is based on actual calculations of overtime based on the inclusion of certain additional payments in the overtime, the recalculation of hours worked to include 24 hours per shift instead of 21, shift swap hours scheduled instead shift swap hours worked, all types of overtime, including COVID overtime, and hours worked "out of class." The amounts were calculated by the Town based on the actual hours worked by each plaintiff and was reviewed by a representative of the plaintiffs.

Because the settlement represents nearly all of what plaintiffs sought in overtime pay, it constitutes a reasonable amount.[4] This amount is far in excess of the compromise amounts approved by other courts, which are based on a percentage of the damages sought in the complaint. *See, e.g., Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09-cv-1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at *3, *8 (N.D. Ohio June 15, 2010) (approving "exceptional" settlement concerning "compensation for time booting up [the] computers prior to clocking in" where members were paid "between 75% (based on five minutes) to 25% (based on 8 minutes)

---

[4] Pursuant to this Settlement Agreement, the parties will agree that deputy fire chiefs were exempt employees under the FLSA and were not entitled to additional overtime payments. The parties will also agree that all fire lieutenants and captains were non-exempt employees.

11

of claimed unpaid wages" and noting that this "allocation is well above the 7% to 11% average result achieved for class members"); *Bradford v. Naples Causeway Dev., LLC*, No. 2:21-cv-00015-NT, 2022 U.S. Dist. LEXIS 140157, at *2 (D. Me. Aug. 8, 2022) (characterizing FLSA settlement of "approximately 20.8% of the best-case-scenario maximum [plaintiff] could recover after success at trial and any appeals" as "a reasonable compromise"). Here, all the plaintiffs (excluding the deputy fire chiefs) are receiving 100% of the damages sought. Furthermore, no attorney's fees will be deducted from the plaintiffs' damages.

While the Settlement Agreement does not include any amounts for liquidated damages, as permitted by the FLSA in the absence of a showing of good faith, the parties have compensated for that missing element by expanding the period of time covered by the settlement. The FLSA provides for a two-year lookback period, except where the violations are shown to be willful, in which case the period is expanded to three years. The statute provides for liquidated damages equal to the amount of damages except where the defendant can show it acted in good faith.

Here, the parties dispute whether: a two-year or three-year lookback period is appropriate; the Defendants also allege that they acted in good faith. Therefore, assuming Plaintiffs were to succeed on the merits of their claims that the Town violated the FLSA, their damages awards could realistically range from: two years lookback with no liquidated damages, at the low end, to three years lookback with liquidated damages, at the high end.

A two-year lookback in this case would be December 1, 2021 through December 1, 2023. A three-year lookback would bring the starting date back to December 1, 2020. In the Settlement Agreement, the Town and the Plaintiffs have agreed to calculate settlement amounts beginning in late March 2020. Expanding the period in this way in significant because it now includes the worst months at the beginning of the COVID-19 pandemic. During those months, many of the

Plaintiffs worked more overtime hours than usual. In addition, expanding the lookback period to March 2020, and including lieutenants and captains by agreement, results in more Plaintiffs being entitled to settlement amounts. Thus, the parties have reached a fair and reasonable compromise approach to paying settlement amounts to the Plaintiffs.

Second, the settlement permits the parties to avoid the burden and expense of establishing their respective claims and defenses. As noted, the Defendants have denied liability on the Plaintiffs' claims and have raised affirmative defenses. In addition, the Defendants allege that any FLSA violations were not willful and that they acted in good faith. Given the disputed factual and legal issues in this case, and the risk to the Plaintiffs of proceeding, the settlement is fair and reasonable.

Third, the settlement avoids the costs, risks, uncertainties, and delays associated with continued litigation. Advancing the parties' respective arguments through discovery and trial could be costly and time consuming. Plaintiffs risk losing at summary judgment or trial, precluding any recovery. Given these risks, the Settlement Agreement is a practical and reasonable compromise that achieves the goals of both parties to resolve their dispute and continue working together.

Fourth, the settlement was the product of arm's-length negotiations between experienced counsel after extensive factual and legal investigation both before and after filing suit. *See Woolfson v. Caregroup, Inc.*, No. 1:09-cv-11464, 2010 WL 10063268, at *2 (D. Mass. Sept. 13, 2010) (approving settlement in part on similar grounds). Both counsel for the Plaintiffs and Defendants are experienced in FLSA litigation and acted in good faith to resolve this dispute.

Finally, there is no reason to suspect, nor does either party assert, that fraud or collusion played any role in achieving the settlement. The proposed settlement is, therefore, a fair and reasonable resolution of the Plaintiffs' overtime claims.

Furthermore, the parties have satisfied all the contingencies in the Settlement Agreement. All the Plaintiffs have provided the Town with signed releases of claims, and the requisite Town bodies have approved funding of the payments due under the Settlement Agreement. Therefore the matter is ripe for the Court to grant final approval of the Settlement Agreement.

### III.  CONCLUSION

For all the above reasons, the parties jointly request that this Court grant final approval of the Settlement Agreement of this FLSA lawsuit and dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| BRIAN BERGERON, PAUL TRAHON, et al., Plaintiffs, on their own behalf and on behalf of all those similarly situated, | TOWN OF BROOKLINE and BROOKLINE FIRE DEPT., Defendants, |
| By their attorney, | By their attorneys, |
| /s/ *John Becker* <br> John M. Becker, BBO # 566769 <br> SANDULLI GRACE, P.C. <br> 44 School Street, 11th Floor <br> Boston, MA 02108 <br> Office: 617-523-2500 <br> Cell: 617-877-2864 <br> jbecker@sandulligrace.com | /s/ *Joe Callanan* <br> Joe Callanan, BBO # 648397 <br> Town Counsel <br> 333 Washington St. <br> Brookline, MA 02445 <br> Office: 617-730-2189 <br> Cell: 617-308-1525 <br> jcallanan@brooklinema.gov <br><br> /s/ *Susan Harris* <br> Susan Harris, BBO # 684700 <br> Associate Town Counsel <br> 333 Washington St. <br> Brookline, MA 02445 <br> Office: 617-730-2193 <br> Cell: 617-821-3785 <br> slharris@brooklinema.gov |

Dated: March 21, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the Joint Motion to Approve Settlement Agreement and the Affidavit of John M. Becker with attachments on counsel for the Defendants by sending copies by electronic mail to Susan L. Harris, Esq., Town of Brookline, slharris@brooklinema.gov, on this the 21st day of March, 2025.

                                          /s/ John Becker
                                          John M. Becker