## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement, Release, and Waiver (hereinafter, "Settlement Agreement") is entered into in the lawsuit styled *Bergeron, et al. v. Town of Brookline* (D. Mass. 1:23-cv-12934-JEK) (the "Lawsuit"), by, between, and among Brian Bergeron and Paul Trahon, the remaining plaintiffs (collectively, "Plaintiffs")[1] and Defendant, the Town of Brookline (the "Town"), and is subject to the approval of the Court and the other contingencies noted herein. In connection with this Settlement Agreement, Plaintiffs are represented by John Becker of Sandulli Grace P.C. (collectively, "Plaintiffs' Counsel), and the Town is represented by Town Counsel. Collectively, Plaintiffs and the Town are referred to in this Agreement as "the Parties."

## Recitals

WHEREAS, on December 1, 2023, Plaintiffs Brian Bergeron, Paul Trahon, and other then-current and former firefighters for the Town filed the original Complaint in the Lawsuit, asserting purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Massachusetts Wage Act, G.L. c. 149, §§ 148, 150;

WHEREAS, on February 28, 2024, Plaintiffs Brian Bergeron, Paul Trahon, and other then-current and former firefighters for the Town filed the Second Amended Complaint in the Lawsuit, adding additional plaintiffs and continuing to assert purported violations of the FLSA and the Massachusetts Wage Act, G.L. c. 149, §§ 148, 150;

WHEREAS, on April 12, 2024, with leave of the Court, Plaintiffs Brian Bergeron, Paul Trahon, and other then-current and former firefighters for the Town, filed the Third Amended Complaint in the Lawsuit, adding one additional claim asserting a purported violation of the FLSA;

---

[1] Exhibit A contains a list of all 119 plaintiffs subject to this Settlement Agreement.

WHEREAS, on May 13, 2024, the Town filed its Answer to the Third Amended Complaint in the Lawsuit;

WHEREAS, in order to avoid the expense and burden of further litigation, the Parties desire to resolve any and all causes of action, claims, or demands based on purported violations of the FLSA and the Massachusetts Wage Act, including without limitation all claims that were asserted or that could have been asserted in the Lawsuit;

WHEREAS, the Parties have conducted a thorough investigation into the facts and claims alleged in the Lawsuit and are of the opinion and belief that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of all, in light of all known facts and circumstances, including the considerable expense of motion practice and trial, the affirmative and other defenses asserted by the Town, the uncertainty and risks of continued litigation, and the risks of delay and an adverse judgment;

WHEREAS, the Parties' efforts and substantial arm's-length settlement conversations have resulted in a settlement in principle reached on or about July 2, 2024, that is subject to the terms of this definitive Settlement Agreement and the provisions for approval and other contingencies noted herein; and

WHEREAS, in light of reaching a settlement in principal and in anticipation of this Settlement Agreement, on or about July 14, 2024, the Town implemented updated FLSA protocols retroactive to the work period beginning June 16, 2024;

NOW, THEREFORE, for and in consideration of the foregoing promises and the terms and conditions set forth herein, the sufficiency of which is acknowledged, the Parties hereby agree and covenant, subject to the Court's approval, as follows:

TERMS OF SETTLEMENT

1. <u>No Admission of Liability and No Concession Regarding the Merits.</u>

The Town denies that it violated the law in any manner, specifically denies that it violated any statutory, regulatory, or common law as alleged in the Lawsuit, and asserts that it has defenses to all claims that were brought or could have been brought in the Lawsuit. Nothing contained herein, including the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of the Town, including all of its departments, past and present elected and appointed officials, officers, employees, attorneys, representatives, agents, insurers, and all others working in concert with the Town (together, the "Released Parties"), for any of the claims which were or may have been asserted. This Settlement Agreement is not a concession by Plaintiffs concerning the merits of their alleged claims in the Third Amended Complaint. The Parties have entered into this Agreement with the intention of avoiding the inconvenience, costs, and uncertainty of litigation.

The Parties further agree that this Settlement Agreement is a settlement communication and is, pursuant to Federal Rules of Evidence 408, inadmissible as evidence in any lawsuit or proceeding for any purpose, except an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

2. <u>Pre-Conditions to Consummation</u>.

In order to consummate this Settlement Agreement, the following pre-conditions must be met:

2.1. This Settlement Agreement is contingent upon funding approval from the Town's Select Board and Advisory Committee. Town Counsel will seek any necessary funding approval at the next reasonably available Select Board meeting, Advisory Committee meeting, or both, following the execution of a final form of this Agreement set forth in Paragraph 2.2.

2.2. This Settlement Agreement is also contingent upon each of the Plaintiffs signing a release of claims, in the form attached hereto as Exhibit B. In the event that one or more of the Plaintiffs fails to execute the release as contemplated in this Paragraph within 14 calendar days of the Parties' execution of a final form of this Agreement, the Town may, at its sole option, rescind this Settlement Agreement in its entirety.

2.3. This Settlement Agreement is also contingent upon the final approval, in all respects, by the United States District Court, District of Massachusetts. The Parties shall jointly seek such final approval, following the satisfaction of the remaining contingencies noted above in this Paragraph 2.

2.4. If this Settlement Agreement is not approved by the Court or if it is approved only subject to conditions constituting a material modification of the Parties' Settlement Agreement, the Parties agree that they will endeavor to modify the Settlement Agreement to obtain the Court's approval. If this endeavor is unsuccessful, this Settlement Agreement shall be void ab initio. If any of the foregoing contingencies is not timely satisfied or the Town exercises its right to revoke this Settlement Agreement for any reason provided above, the Parties shall be returned to the positions they held on July 2, 2024, the date on which the Parties reached an agreement in principle.

3. <u>Settlement Payment</u>

In exchange for the consideration extended by the Plaintiffs in this Settlement Agreement, including the Release as set forth in Paragraph 7 and the attached Exhibit B, the Town shall cause to be paid to the Plaintiffs the amount of **$101,604.22** to resolve the claims of all Plaintiffs (Settlement Amount). The Settlement Amount will be allocated to the Plaintiffs in accordance with the calculations completed by the Town and reviewed by Plaintiffs.

The Settlement Amount reflects, for purposes of overtime under the FLSA, for all firefighters, lieutenants, and captains, regardless of assignment, the inclusion of the ASHER stipend in the calculation of the regular rate (Count 1); 24 hours instead of 21 hours per shift (Count 2); swaps scheduled instead of swaps worked (Count 3); all types of overtime, e.g. COVID overtime (Count 4); and hours worked "out of class" (Count 5). The Settlement Amount is calculated for the time period between on or around March 29, 2020, and June 15, 2024. Plaintiffs waive their claims with respect to Counts 6, 7, 8, and 9. Plaintiffs waive their claims to interest, liquidated, treble, punitive, multiple damages, attorneys' fees and costs of litigation, and all other sums sought or potentially recoverable in the Lawsuit.

The Town shall have no obligation to pay or provide any further consideration to any Plaintiff by reason of this Settlement Agreement or because of the foregoing payments, including but not limited to contributions to any retirement or employee benefit plan, vacation or sick pay, or similar benefits based on or as a result of this Settlement Agreement. Any payments made pursuant to this Settlement Agreement will not trigger any obligation of the Town to make any withholding, crediting, or other accounting for retirement contributions or any other employee benefit offering.

4. <u>Court Approval of Settlement Agreement</u>

4.1. All terms of this Settlement Agreement are contingent upon the achievement of Final Approval as set forth in Paragraph 4.5.

4.2. The Parties agree to cooperate and take reasonable steps to obtain Final Approval of this Settlement Agreement, to effectuate this Settlement Agreement, and to dismiss the Lawsuit with prejudice.

4.3. The Parties agree that the Town and other Released Parties shall have no obligation to make any payments as specified in this Settlement Agreement if Final Approval does not occur for any reason.

4.4. After, and only after, satisfaction of the other contingencies set forth in Paragraph 2, the Parties shall prepare and file a joint motion for approval of the Settlement, which shall include as exhibits this fully executed Settlement Agreement (and all exhibits hereto), the executed releases of claims obtained in conjunction therewith, a proposed Approval Order, and a proposed Joint Stipulation of Dismissal (collectively, the "Approval Papers").

4.5. If the Court enters an order (i) finally and unconditionally approving this Settlement Agreement; and (ii) fully and finally extinguishing claims against the Released Parties as specified in Paragraph 8 and Exhibit B to this Agreement, ("Approval Order"), then Final Approval shall be deemed to occur at the later of: (i) a date of the Approval Order, if no appeal of such order is timely filed; or (ii) if an appeal of such order is timely filed, final disposition of any appeal of the Court's order on the Parties' motion for approval that has the same effect.

4.6. As used in this Settlement Agreement, "Effective Date" shall mean 14 days after Final Approval.

5. <u>Settlement Formula and Allocation</u>

5.1. The Settlement Amount will be allocated to Plaintiffs, in accordance with the allocations of settlement as provided by the Town, which are set forth in Exhibit C to this Settlement Agreement.

5.2. The Settlement Amount will be paid in one installment per Plaintiff. The payment shall be made within 60 days after the Effective Date.

5.3. The Town shall issue payment to each Plaintiff for their settlement allocation, subject to tax withholdings set forth in Paragraph 7 (the "Settlement Payments"). The Town shall issue Settlement Payments to Plaintiffs for whom the Town has received an executed copy of the Release described in Paragraph 8, herein, and accordance with the timing established in Paragraph 5.2, as follows:

5.3.a. For Plaintiffs who are no longer employed by the Town, the Town shall mail Settlement Payments to such Plaintiffs at each Plaintiffs' last reported address on record with the Town.

5.3.b. For Plaintiffs who are curently employed by the Town as of the date each Settlement Payment is made, the Town shall issue the Settlement Payments, as defined in Paragraph 5.1, in the manner by which any such Plaintiff curently receives his or her wages from the Town.

5.4. If Plaintiff's Counsel informs the Town in good faith that a check for any Plaintiff was lost or misplaced, the Town will cancel such check and reissue payment to that Plaintiff by check mailed to such Plaintiff's home address. The Town shall not be responsible for issuing a replacement check if the original check was cashed.

5.5. The Settlement Payments shall expire one hundred twenty (120) calendar days after they are initially mailed by the Town to the Plaintiffs (the "Check Cashing Period"). Any portion of the Settlement Amount allocated to a Plaintiff for whom the Town has not received an executed copy of the release described in Paragraph 8, or is not claimed as a result of failure to cash a Settlement Payment after the conclusion of the Check Cashing Period, shall remain the property of the Town.

6. <u>Tax Allocation of Settlement Payments</u>

6.1. Each Settlement Payment will be considered wages subject to the withholding by the Town of all applicable local, state, and federal taxes. The Town shall report the Settlement Payments to each Plaintiff on IRS Form W-2.

6.2. The Parties agree that nothing contained herein constitutes legal advice regarding the taxability of any amount payed under this Settlement Agreement, and no person shall rely on anything contained in this Settlement Agreement or conveyed by the Town, Town Counsel, or both, as such advice. Each Plaintiff shall be individually, wholly, and exclusively responsible for any tax obligations or penalties arising from payments made to them pursuant to this Settlement Agreement.

7. <u>Release</u>

7.1. In further consideration of the promises made in this Settlement Agreement, each Plaintiff hereby forever discharges, releases, and covenants not to sue the Town, including all of its departments, past and present elected and appointed officials, officers, employees, attorneys, representatives, agents, insurers and all others working in concert with the Town (together, the "Released Parties") from any and all suits, actions, causes of action, claims, demands, grievances, or charges of prohibited practice, whether in an action brought individually by any

5

Plaintiff, brought on their behalf, or on behalf of any group of which any Plaintiff may be a member, for wages, damages, reimbursements, unpaid advances, civil and/or statutory penalties, liquidated damages, punitive damages, treble damages, multiple damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief in any way relating to any and all claims that were or could have been asserted in the Lawsuit or that are based on or arise out of facts alleged in any version of the complaints filed in the Lawsuit, from the beginning of time through June 15, 2024, including without limitation any claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* or the Massachusetts Wage Act, G.L. c. 149, §§ 148, 150 (collectively, the "Released Claims"). Notwithstanding the foregoing, nothing in this Release releases any claim that cannot be released as a matter of law.

7.2. In order to grant a full and complete release of the Released Claims in favor of the Released Parties, each of the Plaintiffs shall execute a standalone version of the Release in the form attached hereto as Exhibit B (together with Paragraph 7.1 herein, the "Release"). In executing the Release, the Plaintiffs acknowledge the Release is intended to include all Released Claims regardless of whether they know, are aware of, or suspect the potential existence of claims or potential claims being released.

7.3. Execution of Exhibit B by each of the Plaintiffs, is a condition precedent to their receipt of a Settlement Payment. Execution of Exhibit B by each of the Plaintiffs may be accomplished through DocuSign, another application capable of providing verified electronic signatures, and/or ink signature.

7.4. Plaintiffs' Counsel shall provide the originals of all executed Releases, with all associated authentication in the case of electronic signatures, to the Town promptly after their receipt thereof, and in any event prior to the Parties' submission of a motion seeking approval of the Settlement Agreement from the Court.

7.5. This Release will be binding on, and have a preclusive effect in, the Lawsuit, and any and all other pending and future lawsuits or other proceedings brought by Plaintiffs or any Plaintiff's behalf that seek any claims encompassed by this Release.

7.6. Plaintiffs further acknowledge and agree that the Release is a material term of this Settlement Agreement and that no settlement could have been reached without it. Plaintiffs affirm that they understand and acknowledge the significance and consequence of their release of claims pursuant to this Settlement Agreement.

7.7. Each Plaintiff hereby represents, covenants, and warrants that they own and have not directly or indirectly assigned, sold, transferred, hypothecated, encumbered, or purported to assign, sell, transfer, hypothecate, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged.

7.8. If a Plaintiff declines to sign the release and the Town does not invoke its rescission rights in Paragraph 2.2, that Plaintiff's pro rata share of the Settlement Amount shall be subtracted from the Settlement Amount. Further, a Plaintiff that declines to sign the release may proceed on any claim without involvement of Plaintiff's Counsel.

8. Covenant Not to Sue

8.1. Each Plaintiff agrees that they will not file a lawsuit or initiate any legal proceeding asserting any of the Released Claims in any federal, state, or local court, administrative agency, tribunal, arbitration proceeding, or any other legal forum, against any of the Released Parties for or relating to any Released Claims.

8.2. Each Plaintiff further agrees that they will not join, participate in, or consent to become a plaintiff, class member, or opt-in plaintiff in any lawsuit or legal proceeding asserting any Released Claims, nor will any Plaintiff permit or consent to any lawsuit or legal proceeding brought on their behalf or on the behalf of any group of which such Plaintiff may be a member. Plaintiffs agree to take all available steps to opt out of any such lawsuit or legal proceeding asserting any Released Claims, in the event that any of them are included as a participant or potential participant in such litigation (except that "participant" as used in this sentence does not apply to or include serving as a witness in a lawsuit or legal proceeding if subject to a legal obligation to do so).

8.3. If, notwithstanding the above two paragraphs, any Plaintiff is included in any class, collective, or government enforcement action alleging or involving any Released Claims, he or she agrees not to receive or accept any further compensation of any kind for such Released Claims and to promptly return any such sums awarded to the Town.

8.4. If any Plaintiff violates any terms of the Covenant Not to Sue set forth in this paragraph and in Exhibit B, they shall be responsible to pay the Released Parties the reasonable attorneys' fees and costs incurred in defending against the claims brought in violation of the Covenant Not to Sue set forth above.

8.5. The parties mutually acknowledge that this Covenant Not to Sue does not apply to any claims which may accrue after June 15, 2024.

INTERPRETATION AND ADMINISTRATION OF THIS AGREEMENT

9. Advice of Counsel

The Parties are represented by counsel of their choosing, and they have had an opportunity to consult and have consulted with counsel prior to executing this Settlement Agreement.

10. Mutual Full Cooperation

The Parties and their counsel shall cooperate with each other in good faith to accomplish the terms and all obligations of this Settlement Agreement, including executing and filing such documents and taking any actions reasonably necessary to implement the terms of this Settlement Agremeent; to obtain the Court's Approval Order; in the event of an appeal, to ensure a complete affirmance of the Approval Order with all rights of appeal exhausted; and to fulfill all obligations subsequent to the Effective Date that are required by this Settlement Agreement and the Approval Order.

Nothing in this Settlement Agreement is intended to be, nor is it, a representation or commitment as to any actions to be undertaken by the Town's Select Board or Advisory Committee. The Town's signatories hereto make no assurances in this Settlement Agreement regarding the actions of the Select Board or Advisory Committee, and neither a decision by the Select Board or Advisory Committee to decline approval and funding of the proposed settlement nor any delay in the Select Board or Advisory Committee's approval of the settlement shall be a breach of this Settlement Agreement by the Town.

11. Notices

Unless otherwise specifically provided herein, all notices, demands, or other communicatiosn given hereunder will be in writing and will be deemed to have been duly given upon sending if by email, or as of the third calendar day after mailing by U.S. Postal Service certified mail with

return receipt requested or by another trackable delivery method (such as Federal Express or United Parcel Service), addressed as follows:

>To Plaintiffs:
>John M. Becker
>Sandulli Grace P.C.
>44 School Street, 11th Floor
>Boston, MA 02108
>jbecker@sandulligrace.com

>To the Town:
>Office of Town Counsel
>333 Washington St.
>Brookline, MA 02445
>towncounseloffice@brooklinema.gov

12. Construction and Governing Law

12.1. This Settlement Agreement is the result of lengthy, intensive, arm's-length negotiations between the Parties and their counsel. The Parties have each had a full and fair opportunity to propose changes to the terms and language of this Settlement Agreement, which was drafted cooperatively among counsel for the Parties. As such, this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or their counsel participated in its drafting.

12.2. To the extent state law governs interpretation of this Settlement Agreement, it will be interpreted and governed under the laws of the Commonwealth of Massachusetts.

12.3. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and do not define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

12.4. The language used in this Settlement Agreement will be deemed to be the language chosen by the Parties to express their mutual intent and no rule of construction will be applied against any party.

13. Modification

13.1. This Settlement Agreement may not be changed, altered, modified, or otherwise amended, except in writing and signed by all Parties hereto the rights of whom or which are affected by such change, alternation, modification or amendment.

13.2. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto. No right hereunder shall be waived by inaction, and no waiver of any right or obligation under this Agreement in a given instance shall be deemed or construed as a waiver of future rights or as affecting any Party's rights with respect to any other similar or dissimilar set of circumstances.

14. Integration

This Settlement Agreement and its Exhibits contain the entire agreement among the Parties relating to the Settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.

15. Severability

If any portion or portions of this Settlement Agreement may be held by a court of competent jurisdiction to conflict with any federal, state, or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Settlement Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

16. Remedies for Breach of this Settlement Agreement

The only remedies for any breach of this Settlement Agreement shall be termination or an action for specific performance. No Plaintiff shall be entitled to any lost profits, damages, interest, attorneys' fees, costs, or expenses.

17. Signatories

17.1. Because the Plaintiffs are numerous, it is impractical to have each Plaintiff execute this Settlement Agreement. The Release described herein will advise all Plaintiffs of the binding nature of the Release and Covenant Not to Sue, and such will have the same force and effect, to the extent permitted by law, as if this Settlement Agreement were executed by each Plaintiff. Plaintiffs' Counsel shall inform each Plaintiff of the existence and nature of this Settlement Agreement, including its binding effect on each Plaintiff and make the Settlement Agreement available to any Plaintiff who may request it.

17.2. Any person executing this Agreement or any such related document on behalf of a municipality warrants and promises for the benefit of the Parties that they have been duly authorized by such municipality to execute this Settlement Agreement or any such related document.

17.3. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to the terms and conditions thereof, and that no additional approvals or ratifications are required for the provisions of this Settlement Agreement to take effect.

17.4. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective spouses, heirs, trustees, and executors, administrators, successors, and assigns, including the Released Parties. No Party may assign any rights or obligations hereunder to any other Party or any third-party without the written consent of all Parties affected by such assignment.

17.5. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement Agreement, which will be binding upon and effective as to the Parties and their counsel as set forth herein. A PDF of an executed counterpart will be deemed an original.

*Signature Page Follows*

**AGREED AND ENTERED INTO BY THE PARTIES ON THE DATES SET FORTH BELOW:**

**Dated: _____, 2024**          **By: _____**
                                                    **Brian Bergeron**

**Dated: _____, 2024**          **By: _____**
                                                    **Paul Trahon**

**TOWN OF BROOKLINE**

**Dated: _____, 2024**          **By: _____**
                                                    **Charles Carey, Town Administrator**
                                                    **On behalf of the Town of Brookline**