UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN BERGERON and PAUL TRAHON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TOWN OF BROOKLINE and BROOKLINE FIRE DEPARTMENT,<br><br>    Defendants. | No. 1:23-cv-12934-JEK |

**MEMORANDUM AND ORDER ON JOINT MOTION FOR**
**FINAL APPROVAL OF SETTLEMENT AGREEMENT**

**KOBICK, J.**

The plaintiffs, firefighters currently or formerly employed by defendants Town of Brookline and Brookline Fire Department, allege in this action that the defendants failed to properly calculate their overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150. In November 2024, the Court tentatively approved a settlement to resolve the plaintiffs' claims, pursuant to which the plaintiffs will receive nearly all the damages they sought. Pending before the Court is the parties' joint motion for final approval of that settlement. For the reasons to be explained, the Court will grant the motion.

**BACKGROUND**

The plaintiffs are 118 firefighters, fire lieutenants, fire captains, and deputy fire chiefs currently or formerly employed by the Town of Brookline. ECF 10, ¶¶ 6-124. The plaintiffs are part of a bargaining unit represented by Local 950, a chapter of the International Association of

Firefighters (the "Union"). *Id.* ¶¶ 125-26. The Union and the Town are parties to a collective bargaining agreement, which provides that bargaining unit members, like the plaintiffs, are entitled to time-and-a-half overtime pay for all hours worked outside their regular shifts, excluding shift swaps, and to an Active Shooter/Hostile Event Response ("ASHER") stipend. *See id.* ¶¶ 144-46, 158; ECF 26-1, ¶ 10. The Town has also adopted a partial public safety overtime exemption under Section 7(k) of the FLSA, 29 U.S.C. § 207(k), pursuant to which non-exempt fire department employees are entitled to time-and-a-half overtime pay after working 212 hours in a 28-day period. *See* ECF 10, ¶ 147. Overtime compensation paid pursuant to the FLSA is distinct from overtime paid pursuant to the collective bargaining agreement. *See* ECF 26-1, ¶ 12.

The Town allegedly miscalculated the plaintiffs' FLSA overtime compensation before this lawsuit was filed. *See* ECF 10, ¶¶ 155-73. More specifically, the Town allegedly undercounted the hours worked by the plaintiffs, for purposes of determining their eligibility for FLSA overtime, because it: (1) counted only 21 of the 24 hours that the plaintiffs worked per shift; (2) failed to certify hours worked by the plaintiffs on certain days; (3) failed to count out-of-class hours[1] worked by the plaintiffs; (4) failed to consistently credit the plaintiffs for the hours they were originally scheduled to work when they swapped shifts with co-workers, as required by 29 U.S.C. § 207(p)(3) and 29 C.F.R. § 533.31(a); and (5) failed to count all types of non-FLSA overtime worked by the plaintiffs (e.g., contractual overtime designated by the Town as "COVID overtime hours"). *See* ECF 10, ¶¶ 155-73; ECF 26-1, ¶ 26. The Town is also alleged to have miscalculated the plaintiffs' FLSA overtime pay rate because it failed to include the ASHER stipend in their regular pay rate. ECF 10, ¶¶ 158-59. The plaintiffs further allege that the Town failed to adequately

---

[1] The phrase "out-of-class hours" refers to hours an employee works outside of their employment class, such as when a firefighter works a shift as a fire lieutenant, or when a fire lieutenant works a shift as a fire captain. *See* ECF 10, ¶ 169.

maintain payroll and employment records and that it misclassified deputy fire chiefs in the fire suppression unit as exempt from the FLSA's overtime provision. *See id.* ¶¶ 154, 173.

The plaintiffs brought these concerns to the Town in early 2023. *See* ECF 26-1, ¶ 16. The parties immediately entered into discussions to resolve those issues, but they were unable to do so. *See id.* ¶¶ 16-17. Accordingly, in December 2023, plaintiffs Brian Bergeron and Paul Trahon filed the original complaint in this case on behalf of themselves and others similarly situated. ECF 1. They filed the first amended complaint, which named an additional 106 plaintiffs, one week later, ECF 4, and filed the second amended complaint, which named an additional 10 plaintiffs, in February 2024, ECF 5. In late April 2024, the Court granted leave to file a third amended complaint, which remains the operative complaint in this litigation. ECF 8, 10. The third amended complaint did not name any additional plaintiffs, but it included two additional claims brought under the FLSA. *See* ECF 26-1, ¶¶ 18, 26 (listing additional claims).

The third amended complaint raises nine claims. Counts I through VI assert violations of the FLSA, 29 U.S.C. § 207, related to the defendants' alleged failure to properly calculate the plaintiffs' overtime pay rate (Count I) and failure to count all hours worked by the plaintiffs for purposes of determining their eligibility for FLSA overtime (Counts II through VI). *See* ECF 10, ¶¶ 175-98. Count VII asserts that the defendants misclassified deputy fire chiefs in the fire suppression unit as exempt employees under the FLSA's overtime provision, in violation of 29 U.S.C. § 213, and Count VIII asserts that the defendants failed to maintain and preserve employment and payroll records in the manner required by the FLSA, in violation of 29 U.S.C. § 211. ECF 10, ¶¶ 199-205. Count IX asserts that the defendants failed to timely pay overtime wages, in violation of the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150. ECF 10, ¶¶ 206-07. The defendants answered the third amended complaint in May 2024. ECF 11.

The parties restarted settlement negotiations when the litigation commenced in December 2023, and they agreed to a settlement in principle in April 2024. *See* ECF 26-1, ¶¶ 28-29. After reaching this agreement, the Town modified its FLSA protocols to address the plaintiffs' concerns regarding how their hours were counted and how their rate of overtime pay was calculated. *See id.* ¶ 29. The Town specifically agreed, for purposes of calculating firefighters' FLSA overtime compensation, to: (1) include the ASHER stipend in the regular rate of pay; (2) count each shift as 24 hours instead of 21 hours worked; (3) properly count the hours of employees who swap shifts; (4) count the hours worked for all types of non-FLSA overtime; (5) count out-of-class hours worked; and (6) count the hours for all days worked, including those days that were not previously certified. *See id.* ¶¶ 29(a)-(f) The parties agreed that deputy fire chiefs would continue to be classified as exempt under the FLSA, but that the Town would classify all fire lieutenants and captains as non-exempt employees. *See id.* ¶ 29(g). On July 14, 2024, the Town implemented the updated FLSA protocols and made them retroactive to the work period starting on June 16, 2024. *See id.* ¶ 31; ECF 26-2, at 2.

In November 2024, the parties finalized a draft settlement agreement, which the Court tentatively approved on the parties' joint motion. *See* ECF 21-2, 23, 25. Pursuant to the Settlement Agreement, the Town will pay $101,604.22 to resolve the plaintiffs' claims, but it will not admit liability. ECF 26-2, §§ 1, 3. This sum represents the amount that the plaintiffs, with the exception of the deputy fire chiefs, would have earned in overtime pay under the FLSA between March 29, 2020 and June 15, 2024, had the Town factored the ASHER stipend into the plaintiffs' regular pay rate, credited the plaintiffs with 24 hours per shift, properly credited the plaintiffs for hours they were scheduled to work when they swapped shifts, counted all types of non-FLSA overtime worked by the plaintiffs, and counted all out-of-class hours worked by the plaintiffs. *See* ECF 26-1,

¶ 35(d); ECF 26-2, § 3 (Settlement Agreement noting this payment is designed to compensate the plaintiffs for the damages they seek for Counts I through V). In exchange for this payment, the plaintiffs agree to waive their claims concerning Counts VI through IX, as well as any claims that could have been asserted based on the facts alleged in this lawsuit, and any claims they might have for interest and liquidated or multiple damages. *See* ECF 26-2, §§ 3, 7. The Settlement Agreement is conditioned on the Town's Select Board and Advisory Committee approving the settlement amount, each plaintiff signing a release of claims, and final approval of this Court. *See id.* § 2.

On March 31, 2025, the parties filed a joint motion for final approval of the Settlement Agreement. ECF 26. In support of their motion, the parties submitted, among other things, an affidavit prepared by the plaintiffs' counsel, John M. Becker, ECF 26-1; a copy of the final Settlement Agreement, ECF 26-2; a copy of the completed signature page for that agreement, ECF 26-7; a copy of the claim release agreement, ECF 26-4; and copies of the signature page for that agreement completed by each of the plaintiffs, ECF 26-6. The Town's Select Board and Advisory Committee has approved the settlement amount, ECF 26-1, ¶ 39, and the parties have calculated and agreed upon the amount of backpay that is owed and will be paid to each of the plaintiffs, ECF 26-5 (chart detailing each plaintiff's allocation).

## DISCUSSION

The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A court may approve an FLSA settlement if the parties agreed to it and "it represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009-ADB, 2019 WL 3947206, at *1 (D. Mass. Aug. 21, 2019) (quoting *Lynn's Food*

5

*Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). While the First Circuit has not articulated a test for making such a determination, courts generally "consider the 'totality of the circumstances,'" including "'(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Id.* at *2 (quoting *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260-61 (D. Mass. 2015)). "The court's role is to ensure that the settlement 'reflect[s] a reasonable compromise over issues . . . that are actually in dispute,' rather than a pure discount on clearly-owed wages." *Curtis v. Scholarship Storage Inc.*, No. 14-cv-303-NT, 2016 WL 3072247, at *2 (D. Me. May 31, 2016) (quoting *Lynn's Food*, 679 F.2d at 1354).

Under this framework, the parties' proposed settlement is fair and reasonable. First, the gross settlement amount of $101,604.22 is reasonable because it is based on the parties' calculation of the actual overtime worked by the firefighter, fire lieutenant, and fire captain plaintiffs during the March 29, 2020 to June 15, 2024 settlement period, and the parties aver that it "represents nearly all of what [the] plaintiffs sought in overtime pay." ECF 26, at 11; *see* ECF 26-2, § 3. With the exception of the deputy fire chiefs, whom the parties have agreed will continue to be classified as exempt employees under the FLSA's overtime provision, the plaintiffs "are receiving 100% of the damages sought." ECF 26, at 12. The plaintiffs' recovery is thus comparable to or exceeds the recovery achieved in similar cases. *See, e.g.*, *Mickelson v. City of Encinitas*, No. 22-cv-0487-BAS, 2023 WL 2415160, at *3 (S.D. Cal. Mar. 7, 2023) (approving FLSA settlement providing the plaintiffs, Battalion Chiefs at a fire department, with $145,000 where the defendant's economic

expert calculated that the plaintiffs would receive roughly $185,000 if they prevailed at trial); *In re City of Redondo Beach*, No. 17-cv-09097-ODW, 2021 WL 1010631, at *3 (C.D. Cal. Mar. 16, 2021) (approving FLSA settlement providing the plaintiffs, law enforcement officers and firefighters, with a sum "close to their maximum recovery" (quotation marks omitted)).

Second, the settlement permits the parties to avoid the burden and expense of establishing their respective claims and defenses. The defendants have denied liability, raised affirmative defenses, and asserted that they acted in good faith and that any FLSA violations were not willful. *See* ECF 26, at 13; ECF 11, at 22-24. If this case were to proceed, the plaintiffs would carry the burden of establishing their entitlement to relief on each of their claims and, for the FLSA counts, showing that the defendants' FLSA violations were willful and not in good faith. *See* ECF 10, ¶¶ 175-207; 29 U.S.C. § 255(a) (establishing a three-year limitations period for FLSA claims "arising out of a willful violation" and a two-year limitations period for all other claims). Third, the settlement avoids the costs, risks, uncertainties, and delays associated with continued litigation. Advancing the parties' respective arguments through further discovery and trial could be costly and time consuming. The plaintiffs would risk losing at summary judgment or trial, precluding recovery. The settlement spares both parties the risks and travails of continued litigation.

Fourth, the settlement was the product of arm's-length negotiations between experienced counsel after factual and legal investigation both before and after filing suit. *See* ECF 26-1, ¶¶ 14-17, 28-35; *see Woolfson v. Caregroup, Inc.*, No. 09-cv-11464, 2010 WL 10063268, at *2 (D. Mass. Sept. 13, 2010) (approving settlement in part on similar grounds). While the parties do not appear to have engaged in formal discovery, they exchanged or already possessed the materials necessary to calculate the backpay owed to each plaintiff under the FLSA. *See* ECF 26-1, ¶ 29(k) (stating that the Town calculated the amount owed to each plaintiff and that a representative for

the plaintiffs confirmed those amounts before the Settlement Agreement was finalized). Plaintiffs' counsel has represented unions and employees in wage and employment disputes since 1996, and he has negotiated FLSA settlements in a variety of cases. *See* ECF 26, at 8 (noting that the plaintiffs' counsel also served as co-lead counsel in an FLSA lawsuit brought by several hundred Boston police officers, which resulted in a multi-million-dollar damages award). The defendants are represented by two attorneys who have significant experience representing municipal and state entities and have negotiated more than a hundred settlements, including in cases concerning labor and employment disputes. *See id.* at 8-9. Further, in contrast to many other wage-and-hour settlements, where one-third of the settlement amount is commonly set aside for attorney's fees and litigation costs, the plaintiffs will receive 100% of the settlement amount in this case because their union is covering their counsel's fee. *See id.* at 8; *cf. O'Connor v. Dairy*, No. 14-cv-00192-NT, 2018 WL 3041388, at *4 (D. Me. June 19, 2018) ("A one-third contingent fee is common in class action wage-and-hour cases."); *Scovil v. FedEx Ground Package Sys., Inc.*, No. 10-cv-515-DBH, 2014 WL 1057079, at *5 (D. Me. Mar. 14, 2014) (a one-third contingent "fee is consistent with wage-and-hour settlements in the neighboring jurisdiction of Massachusetts" (collecting cases)).

      Finally, there is no reason to suspect, nor does any party assert, that fraud or collusion played any role in achieving the settlement. The proposed settlement is, therefore, approved as a fair and reasonable resolution of the plaintiffs' claims.

## CONCLUSION AND ORDER

For the foregoing reasons, the parties' joint motion for final approval of their settlement agreement, ECF 26, is GRANTED, and the Settlement Agreement, ECF 26-2, is APPROVED.

SO ORDERED.

Dated: May 14, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE